UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MATTHEW MCDERMOTT, :
: 23-CV-05869 (PAE) (RWL)
:
Plaintiff, :
: **REPORT AND RECOMMENDATION**
- against - : **TO HON. PAUL A. ENGELMAYER:**
: **MOTION TO DISMISS**
:
THIS DOG'S LIFE CORP., :
:
Defendant. :
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

    Plaintiff Matthew McDermott ("McDermott" or "Plaintiff"), a professional photographer, brings this action against Defendant This Dog's Life Corp. ("This Dog's Life" or "Defendant") alleging that Defendant violated the Copyright Act, 17 U.S.C. § 101 *et seq*, by displaying McDermott's copyrighted photograph of a dog bathroom at John F. Kennedy International Airport (the "Photograph") on its website without his permission. Although McDermott took the Photograph on April 25, 2016, and Defendant posted it on its website the next month, McDermott maintains that he did not discover Defendant's unauthorized use of the Photograph until almost six years later on April 12, 2022. McDermott filed his complaint on July 10, 2023. Defendant now moves to dismiss McDermott's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint is time-barred by the applicable three-year statute of limitations. For the reasons set forth below, I recommend that Defendant's motion to dismiss be DENIED.

**Factual Background**

McDermott is a professional photographer who resides in Fairfield County, Connecticut. (Am. Compl. ¶¶ 5, 10.[1]) He has invested "significant" time and money to build his portfolio and has obtained copyright registrations for many of his photographs. (*Id.* ¶¶ 11-12.) In this instance, McDermott took the Photograph on April 25, 2016 and registered it with the United States Copyright Office ("USCO") on June 16, 2016. (*Id.* ¶¶ 14, 16.) Defendant is an online business that provides news and product information for dog owners. (*Id.* ¶¶ 19-24.) It is a Delaware corporation with a principal place of business in New York, New York. (*Id.* ¶ 6.)

On or about May 4, 2016, Defendant displayed the Photograph on its website as part of an article titled "Huge Relief: This Airport Has a Special Bathroom for Dogs." (Am. Compl. ¶ 25 and Ex. 2.) McDermott alleges that he did not actually discover Defendant's unauthorized use and display of the Photograph until April 12, 2022. (*Id.* ¶¶ 29-30.) McDermott asserts that he could not have reasonably discovered Defendant's unauthorized use of the Photograph any earlier than the actual date of discovery. (*Id.* ¶ 30.) There were no "storm warnings" alerting him to infringement; and using a "reverse-search engine" to trawl the internet would have been prohibitively expensive, time consuming, and not commercially reasonable. (*Id.* ¶¶ 32-41).

---

[1] "Am. Compl." refers to the Amended Complaint, filed on Nov. 27, 2023, at Dkt. 22. For purposes of the instant motion, the Court accepts as true the facts alleged in the Amended Complaint. *See Interpharm, Inc. v. Wells Fargo Bank, National Association*, 655 F.3d 136, 141 (2d Cir. 2011) (explaining that on a motion to dismiss pursuant to Rule 12(b)(6), the court must "assum[e] all facts alleged within the four corners of the complaint to be true, and draw[ ] all reasonable inferences in plaintiff's favor").

**Procedural Background**

McDermott commenced the action on July 10, 2023. (Dkt. 1.) As Defendant initially did not timely respond, McDermott filed a proposed Clerk's certificate of default (Dkt. 10), which the Clerk entered on August 23, 2023. (Dkt. 12.) On October 19, 2023, counsel for Defendant, having been recently retained, filed a letter motion requesting that the Court set aside the default. (Dkt. 17.) The Court granted the request. (Dkt. 18.)

On November 10, 2023, Defendant moved to dismiss McDermott's complaint on the ground that his copyright infringement claim is barred by the statute of limitations. (Dkt. 19.) McDermott filed an Amended Complaint on November 27, 2023. (Dkt. 22.) On December 19, 2023, Defendant renewed its motion to dismiss, again based on the statute of limitations. (Dkt. 23.) McDermott filed an opposing brief on January 2, 2024. (Dkt. 25.) Defendant filed a reply on January 9, 2024, at which point the motion was fully briefed. (Dkt. 26.) The motion has been referred to me for report and recommendation. (Dkt. 24.)

**Legal Standard**

**A.   Motion To Dismiss For Failure To State A Claim**

To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

3

In considering a motion to dismiss for failure to state a cause of action, a district court "accept[s] all factual claims in the complaint as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lotes Co. v. Hon Hai Precision Industry Co.*, 753 F.3d 395, 403 (2d Cir. 2014) (internal quotation marks and citation omitted). This tenet, however, is "inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... i.e., enough to make the claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (internal quotation marks and citations omitted).

## B.   Statute Of Limitations Under The Copyright Act

Civil actions brought pursuant to the Copyright Act must be "commenced within three years after the claim accrued." 17 U.S.C. § 507(b); *see Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 676 (2014) (noting the Copyright Act's three-year limitations on civil actions). The Second Circuit applies the discovery rule to copyright infringement claims, such that "copyright infringement claims do not accrue until actual or constructive discovery of the relevant infringement." *Psihoyos v. John Wiley & Sons, Inc.,* 748 F.3d 120, 125 (2d Cir. 2014). In other words, "a copyright infringement claim accrues when a plaintiff discovers, or with due diligence should have discovered, the relevant infringement." *PK Music Performance, Inc. v. Timberlake*, No. 16-CV-1215, 2018 WL 4759737, at *7 (S.D.N.Y. Sept. 30, 2018).

The standard for constructive discovery – whether a plaintiff should have discovered the relevant infringement – is an objective one. *Id.* at *7 (citing *Staehr v.*

4

*Hartford Financial Services Group, Inc*., 547 F.3d 406, 427 (2d Cir. 2008)).  "A claim does not accrue when a person has a mere hunch, hint, suspicion, or rumor of a claim but such suspicions do give rise to a duty to inquire into the possible existence of a claim in the exercise of due diligence."  *Minden Pictures, Inc. v. Buzzfeed, Inc*., 390 F. Supp.3d 461, 467 (S.D.N.Y. 2019) ("*Minden I*") (citing *Kronisch v. United States*, 150 F.3d 112, 121 (2d Cir. 1998)).  "[W]ithout … facts or circumstances that would have prompted such an inquiry, [Defendant] cannot rely on the passage of time alone to establish that [Plaintiff] should have discovered the alleged copyright infringements[.]"  *Sohm v. Scholastic Inc.*, 959 F.3d 39, 51 (2d Cir. 2020).

"A court may dismiss a copyright infringement claim on statute of limitations grounds at the pleadings stage where 'it is clear from the face of the complaint … that the plaintiff's claims are barred as a matter of law.'"  *PK Music Performance*, 2018 WL 4759737, at *7 (quoting *Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015)).  "However, where there is even 'some doubt' as to whether dismissal is warranted a court should not grant a Rule 12(b)(6) motion on statute of limitations grounds."  *PK Music Performance*, 2018 WL 4759737, at *7 (citing *Ortiz v. Cornetta,* 867 F.2d 146, 149 (2d Cir.1989)).  A motion to dismiss "on statute of limitations grounds 'is an affirmative defense for which [the movant] bear[s] the burden of proof.'"  *Lefkowitz v. McGraw-Hill Global Education Holdings, LLC*, 23 F. Supp.3d 344, 358 (S.D.N.Y. 2014) (quoting *United States v. Livecchi*, 711 F.3d 345, 352 (2d Cir. 2013)).

## Discussion

Defendant argues that McDermott's discovery of the alleged infringing use of the Photograph on April 12, 2022, and his commencement of this action on July 10, 2023,

are too late under the Copyright Act's three-year statute of limitations because the Photograph was taken on April 25, 2016, displayed on Defendant's website on or about May 4, 2016, and registered with the USCO on June 16, 2016.  (MTD at 11-12.[2])  Defendant never states explicitly when McDermott should have discovered the alleged infringement.  Nor does Defendant identify any facts or circumstances among the allegations of the Amended Complaint that would have prompted a reasonable copyright holder in McDermott's position to inquire into the existence of an infringement before April 12, 2022.  Instead, Defendant points to McDermott's history as an "experienced" copyright plaintiff and argues that the fact that he has filed 37 previous copyright infringement cases within the statutory window "contradict[s] [McDermott's] allegation … that he could not have found Defendant's alleged infringement using commercially reasonable methods any sooner than it was discovered."[3]  (Def. Reply at 1[4]) (internal quotation marks omitted.)

---

[2] "MTD" refers to This Dog's Life's Motion To Dismiss McDermott's Amended Complaint, filed on Dec.19, 2023, at Dkt. 23.

[3] As evidence of McDermott's litigation history, Defendant submits complaints from 56 federal court cases filed by McDermott. (Declaration of Alexandra Moriarty filed November 10, 2023 (Dkt.19-2) ¶¶ 1-57.)  Although that evidence is external to the Amended Complaint, the Court may take judicial notice of the complaints.  *Staehr v. Hartford Financial Services Group, Inc.*, Inc., 547 F.3d 406, 425 (2d Cir. 2008) (noting that "it is proper to take judicial notice of the fact that … prior lawsuits … contained certain information, without regard to the truth of their contents, in deciding whether so-called storm warnings were adequate to trigger inquiry notice as well as other matters") (internal quotations omitted); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (affirming that "courts routinely take judicial notice of documents filed in other courts … not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings").

[4] "Def. Reply" refers to Reply Memorandum Of Law In Further Support Of Defendant This Dog's Life Corp.'s Motion To Dismiss Plaintiff's First Amended Complaint filed on Jan. 26, 2024 at Dkt. 26.

Defendant's argument, however, is insufficient to warrant dismissal of the case at this stage of the proceedings.

In support of its argument, Defendant relies principally on *Minden I* and subsequent, related copyright infringement cases (the "*Minden* Cases"). *See Minden Pictures Inc., v. Complex Media, Inc.* No. 22-CV-4069, 2023 WL 2648027 (S.D.N.Y. March 27, 2023) ("*Minden II*"); *Lixenberg v. Complex Media, Inc.*, No. 22-CV-354, 2023 WL 144663 (S.D.N.Y. Jan. 10, 2023); and *Michael Grecco Productions, Inc. v. RADesign, Inc.*, No. 21-CV-8381, 2023 WL 4106162 (S.D.N.Y. June 20, 2023). In those cases, the courts held infringement claims were time-barred on the grounds "that certain copyright holders are particularly sophisticated, and therefore should be expected to discover alleged infringements more readily than … an ordinary copyright holder[.]" *McGlynn v. Sinovision Inc.*, No. 23-CV-4826, 2024 WL 643021, at *2 (S.D.N.Y. Feb. 15, 2024).

In *Minden I*, the Court granted defendant's motion to dismiss, finding that plaintiff, a wildlife and nature photography licensing agency, "should have discovered, with the exercise of due diligence, that its copyright was being infringed within the statutory time period." 390 F. Supp.3d at 467. In *Minden II*, the Court also dismissed the complaint, finding it implausible that plaintiff, the same from *Minden I*, having exercised reasonable diligence, "would not have discovered the alleged infringing use here until nearly ten years after the infringement occurred" especially "[g]iven that [its] business is designed to protect and enforce the copyrighted works that it licenses[.]" 2023 WL 2648027, at *3. The Court in *Grecco* similarly relied on the plaintiff's self-described expertise at detecting copyright infringements and the extensive resources he devotes to finding them as grounds to grant defendant's motion to dismiss. 2023 WL 4106162, at *3 ("even setting

7

aside the 130-plus infringement lawsuits Plaintiff has previously filed, with allegations like these appearing in its own pleadings, it is clear from the face of the complaint … that Plaintiff's claims are barred as a matter of law") (cleaned up).[5]

The *Minden* Cases do not decide the outcome here. First, "courts in this district have not uniformly accepted the rationale applied by the *Minden* line, and the Second Circuit has not yet weighed in either way." *Grecco*, 2023 WL 4106162, at *3. More significantly, the instant case is materially distinguishable from the *Minden* cases. Because it is not "'clear from the face of the complaint that [Plaintiff]'s claims are barred as a matter of law,' … [his] Amended Complaint cannot be dismissed as barred by the statute of limitations at this juncture." *Parisienne v. Scripps Media, Inc.*, No. 19-CV-8612, 2021 WL 3668084, at *5 (S.D.N.Y. Aug. 17, 2021) (quoting *PK Music Performance*, 2018 WL 4759737, at *7); *see also McGlynn v. Sinovision Inc.*, No. 23-CV-4826, 2024 WL 643021, at *5 (S.D.N.Y. Feb. 15, 2024) (rejecting defendant's analogy to the *Minden* cases and denying the motion to dismiss plaintiff's claim as time-barred on the basis of plaintiff's litigation record alone); *Baron A. Wolman Archives Trust through Wareham v. Complex Media, Inc.*, No. 20-CV-152, 2022 WL 523597, at *4 (S.D.N.Y. Feb. 22, 2022) (rejecting defendant's argument that plaintiff was on inquiry notice based on speculation that plaintiff could have used image reverse software to locate infringing photographs).

The Amended Complaint sets forth allegations, which, if taken as true – as they must be – establish that there were no reasonably commercial methods available to

---

[5] This opinion uses a "(cleaned up)" parenthetical to indicate that internal quotation marks, brackets, citations, emphases, or combinations thereof have been omitted from the quoted source. Any further alterations or emphases added to the quoted source by this Court are noted in a separate parenthetical.

8

McDermott by which he should have discovered the infringement at an earlier point in time. (Am. Compl. ¶¶ 32-41.) Nor were there any "storm warnings," *Staehr*, 547 F.3d at 425 (*id.* ¶ 31), that would have put him on inquiry notice to look for infringement of the Photograph. *Cf. Lixenberg*, 2023 WL 144663, at *3 and n.3 (finding that plaintiff was "fairly put on inquiry notice" at the time of the alleged infringing use, given that she had filed two previous copyright infringement actions regarding the exact photograph at issue within the statutory timeline). Unlike the plaintiff in *Minden I* and *Minden II*, McDermott is a lone photographer, not a licensing agency with resources at its disposal to enlist other companies to assist it in identifying infringing uses.[6] *Cf. Minden II,* 2023 WL 2648027, at *3 ("the allegations in the Complaint make clear that Plaintiff uses sophisticated methods to detect infringing images, … enlisting technology companies that 'crawl[ ] the internet' to identify infringing uses").

Similarly, although the Amended Complaint describes McDermott as a "professional" photographer, who licenses his works commercially, and is savvy enough to officially register them with the USCO (Am. Compl. ¶¶ 10-12), it does not describe him as having particular expertise with uncovering copyright infringements. There are no allegations that suggest he was at all like the plaintiff in *Grecco*, who was "particularly

---

[6] Defendant contends that "Plaintiff enforces his copyrights by searching the internet for 'thousands' of images 'in his catalogue.'" (MTD at 11 (citing Am. Compl. ¶¶ 11, 17, 34).) That assertion misconstrues McDermott's allegations. Paragraph 11 alleges that McDermott has invested significant time and money "in building [his] photograph portfolio," and Paragraph 17 alleges that McDermott created the Photograph "with the intention of it being used commercially." Neither of those say anything about McDermott's searching the internet for infringement. Paragraph 34, along with paragraphs coming both before and after that paragraph, explains why it would not be feasible for an individual like McDermott who has a portfolio of thousands of images to scour the internet for infringement. (Am. Compl. ¶¶ 32-41.)

9

sophisticated in regularly seeking out and discovering online infringing uses," "spen[ding] time and money … actively search[ing] for hard-to detect infringements," and going so far as to deliver an interview "providing a how-to guide to prospective copyright infringement claimants." 2023 WL 4106162, at *3. And, the mere fact that McDermott has previously filed 57 different copyright infringement actions since April 2016, could simply "speak to the prevalence of copyright infringement just as much as to Plaintiff's sophistication." *McGlynn*, 2024 WL 643021, at *5. At the motion to dismiss stage, the Court cannot infer otherwise.

While McDermott theoretically "could" have found the infringement, the relevant "test is not whether a plaintiff could have learned of their injury; rather, it is whether, … they should have known of their injury." *Parisienne*, 2021 WL 3668084, at *4 (quoting *Thompson v. Metropolitan Life Ins. Co.*, 149 F. Supp.2d 38, 53 (S.D.N.Y. 2001) (whether inquiry notice was present was a material issue of fact precluding summary judgement)); *see also Kronisch,* 150 F.3d at 121 ("a claim will accrue when the plaintiff knows, or should know, enough of the critical facts of injury and causation to protect himself by seeking legal advice") (citation omitted). The limited record at this motion-to-dismiss stage does not permit the Court to draw the conclusion that meets the "should-have-known" test. Further development of the factual record may demonstrate otherwise, but that is an issue for another day. *See McGlynn*, 2024 WL 643021, at *5 (distinguishing *Minden* cases, denying motion to dismiss based on "record of past lawsuits alone," and stating that further development of the record "could, in theory, support a motion for summary judgement"); *see also, Parisienne*, 2021 WL 3668084, at *4 ("Nor has [defendant] provided sufficient evidence or explanation for how [plaintiff] should have known about

10

the alleged infringement …. Thus, the Court cannot dismiss [plaintiff]'s copyright infringement claim as time barred"); *Hirsch v. Rehs Galleries, Inc.*, 2020 WL 917213, at *1 (S.D.N.Y. Feb. 26, 2020) ("Plaintiff's claims cannot be dismissed as untimely at this stage in the litigation").  In sum, the Amended Complaint plausibly sets forth a claim for copyright infringement that is not barred by the statute of limitations.

## Conclusion

Accordingly, I recommend Defendant's motion to dismiss be denied. To the extent not discussed above, the Court has considered Defendant's arguments and found them to be without merit.

## Procedure For Filing Objections

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation.  Any party shall have fourteen (14) days to file a written response to the other party's objections.  Any such objections and responses shall be filed with the Clerk of Court, with courtesy copies delivered to the Chambers of the Honorable Paul A. Engelmayer, United States Courthouse, 40 Foley Square, New York, New York 10007, and to the Chambers of the undersigned, United States Courthouse, 500 Pearl Street, New York, New York 10007.  Any request for an extension of time for filing objections must be addressed to Judge Engelmayer.  **Failure to file timely objections will result in a waiver of the right to object and will preclude appellate review.**

RESPECTFULLY SUBMITTED,

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: April 4, 2024
      New York, New York