USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/26/2024

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

MATTHEW MCDERMOTT,

               *Plaintiff,*

    *v.*

THIS DOG'S LIFE CORP.,

               *Defendant.*

Case No. 23-CV-05869-PAE-RWL

**<u>PROTECTIVE ORDER</u>**

ROBERT W. LEHRBURGER, United States Magistrate Judge:

    WHEREAS, Plaintiff Matthew McDermott and Defendant This Dog's Life Corp. (individually, a "Party," and collectively, the "Parties") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c), to protect the confidentiality of certain nonpublic and confidential information, including documents, electronically stored information, and things, that the Parties anticipate will be exchanged during the course of discovery in this Action;

    WHEREAS, the Parties believe that the public disclosure of nonpublic and confidential information exchanged during discovery may cause harm to the producing party or other person to whom a duty of confidentiality is or may be owed;

    WHEREAS, the Parties agree to the following terms; and

    WHEREAS, the Court finds good cause for issuance of an appropriately tailored confidentiality order to protect against injury caused by the dissemination of confidential information;

1

IT IS HEREBY ORDERED that any person subject to this Protective Order, including, without limitation, the Parties, their counsel, representatives, agents, experts, consultants, all third-parties providing or receiving discovery in this Action, and all other persons with actual or constructive notice of this Protective Order, who provide or receive confidential information in connection with this Action, shall adhere to the following terms:

## DESIGNATION OF DISCOVERY MATERIAL

1.    A Party may designate any document or information, in whole or in part, as "Confidential" if counsel determines, in good faith, that such designation is necessary to protect the interests of the Party producing information that is proprietary, a trade secret, or otherwise sensitive non-public information, the disclosure of which is either restricted by law, or will cause harm to the business, commercial, financial, or personal interests of the person and/or entity disclosing such Discovery Material (the "Disclosing Party"), including but not limited to:

a.    Previously nondisclosed financial information;

b.    Previously nondisclosed business plans, product development information, or marketing plans;

c.    Any information of a personal or intimate nature regarding any person; or

d.    Any other information that the Disclosing Party reasonably believes the disclosure of which is either restricted by law, or will cause harm to the business, commercial, financial, or personal interests of the Disclosing Party;

2.    The Disclosing Party must limit designations of Confidential information to only those parts of documents, testimony, or Discovery Material that are clearly identified as containing Confidential information.

3.      With respect to any Discovery Material other than deposition transcripts and exhibits, the Disclosing Party may designate any portion of Discovery Material as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion of the Discovery Material, in a manner that will not interfere with the legibility of the protected portion of the Discovery Material.

4.      With respect to deposition transcripts, the Disclosing Party may designate any portion of the deposition transcript as "Confidential" by (i) stating on the record at the deposition that the information is Confidential or (ii) advising the opposing Party, in writing, within fifteen (15) days after receipt of the deposition transcript, that the information is Confidential.  Whether or not designation is made at the time of a deposition, all deposition transcripts shall be treated as Confidential from the taking of the deposition until fifteen (15) days after receipt of the transcript by the Parties. The failure to timely designate deposition testimony as Confidential testimony waives any such designation unless otherwise ordered by the Court or agreed in writing by all Parties, which agreement shall not be unreasonably withheld.

5.      If, at any time prior to the trial of this Action, a Disclosing Party realizes that some portion of Discovery Material contains information that should have been, but was not, designated "Confidential," the Disclosing  Party may designate such Discovery Material as "Confidential" by apprising all prior recipients in writing within five (5) calendar days after discovering that the Disclosing Party failed to designate the information as "Confidential." The portions of Discovery Material so designated will be deemed to be "Confidential" under the terms of this Protective Order, and shall be treated as such.

**NON-DISCLOSURE OF CONFIDENTIAL DISCOVERY MATERIAL**

6.      Except as expressly set forth in paragraphs 7-8, *infra*, no person subject to this Protective Order who receives from any other person subject to this Protective Order any Discovery Material designated "Confidential" pursuant to this Protective Order (the "Receiving Party"), shall disclose such Confidential Discovery Material to any other person.  Every Receiving Party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of Confidential Discovery Material.

7.      Notwithstanding the provisions of paragraph 6, *supra*, and subject to the provisions of paragraph 8, *infra*, a Receiving Party may disclose Confidential Discovery Material to the following individuals:

a.      The Parties and their counsel, including any paralegal, clerical or other assistant, and any outside vendors or service providers retained by the Parties or their counsel, for purposes of litigation support, including outside vendors retained for purposes of document management and production;

b.      The Court, including Court personnel;

c.      Any stenographer or videographer engaged in this Action to record testimony that may contain Confidential Discovery Material;

d.       The author, addressee or recipient, or any other person indicated on the face of a document designated "Confidential" pursuant to this Protective Order;

e.      Experts and consultants engaged in this Action, as well as their staff; and

f.      Any other person that the Parties agree to in a writing signed by both Parties and their counsel.

8.      A Party may not disclose information to the persons identified in paragraph 7(e)-(f), *supra*, unless such persons have been provided a copy of this Protective Order and signed an

agreement to be bound by this Protective Order in the form of Exhibit A to this Protective Order. The Party obtaining the agreement to be bound must serve it on the Disclosing Party prior to disclosure of any Confidential Discovery Material provided by the Disclosing Party. At least five (5) days before the first disclosure of Confidential Discovery Material to any person identified in paragraph 6(e), the Party proposing to make the disclosure must serve the Disclosing Party by email with a written identification of the person. If the Disclosing Party has good cause to object to the disclosure, it must serve the Party proposing to make the disclosure with a written objection within five (5) days after service of the identification. Unless the Parties resolve the dispute within ten (10) days after service of the objection, or a longer period if the Parties so agree, the Disclosing Party must move the Court promptly for a ruling, and the Confidential Discovery Material may not be disclosed without the Court's approval.

<b><u>OBJECTIONS TO CONFIDENTIALITY DESIGNATIONS</u></b>

9.      In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court in accordance with Section II.D. of the Court's Individual Practices in Civil Cases. Nothing in this Protective Order constitutes an admission by any Party that Confidential Discovery Material disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of Confidential Discovery Material.

<b><u>REQUESTS FOR THIRD-PARTY CONFIDENTIAL INFORMATION</u></b>

10.      In the event a Party is requested to produce Discovery Material that is subject to a contractual or other obligation of confidentiality owed to a third-party or other person, the Parties agree that the following procedures shall apply:

a.      Within five (5) business days of receiving a request for information subject to a contractual or other obligation of confidentiality owed to a third-party or other person, the Party receiving the request shall notify the requesting Party that the request calls for information subject to a contractual or other obligation of confidentiality owed to a third-party or other person.  Within five (5) business days of receiving such notification, the requesting Party shall identify, in detail, the basis for its request; thereafter, the Party receiving the request shall (i) inform the third-party or other person of the request, (ii) provide the third-party or other person with a copy of this Protective Order, and (iii) notify the third-party or other person of its right to designate Discovery Material "Confidential," subject to the provisions of this Protective Order.  If the third-party or other person refuses to consent to the disclosure, and fails to seek a protective order within twenty-one (21) days of receiving notice of the request (the "Notice Period"), the Party in possession of the information subject to the contractual or other obligation of confidentiality owed to the third-party or other person, may request a protective order precluding the disclosure of such information within twenty-one (21) days of the closure of the Notice Period, or, alternatively, shall produce such information to the Party who made the request for such information.  In doing so, the Disclosing Party may designate the Discovery Material as "Confidential."

**LIMITATIONS ON USE OF CONFIDENTIAL DISCOVERY MATERIAL**

11.      No Receiving Party shall use Confidential Discovery Material for any purpose other than the prosecution or defense of this Action.  Nothing in this paragraph or this Protective Order, however, affects or restricts the rights of a Disclosing Party with respect to Discovery Material designated "Confidential" by such Disclosing Party.

12.     Within thirty (30) days of final disposition of this Action, all Confidential Discovery Material, including any copies of such Confidential Discovery Material, shall be promptly returned to the Disclosing Party or destroyed and the Receiving Party shall confirm the destruction of said Confidential Discovery Material within thirty (30) days of final disposition of this Action.

## REDACTIONS AND FILINGS UNDER SEAL

13.     The Parties agree that, to the extent Confidential Discovery Material or any information derived therefrom, is included in any filing in this Action, such filing must be made under seal, with redacted copies filed on the public record, in accordance with the rules set forth *infra*, paragraph 14.

14.     **The Parties incorporate by reference the Rules for Redactions and Filings Under Seal set forth in the Appendix to the Court's Individual Practices in Civil Cases, and agree that such Rules, as further explained below, shall apply with respect to sealed filings and redactions:**

a.     No Court approval is required for the redaction of sensitive information described in Federal Rule of Civil Procedure 5.2;

b.     Any person wishing to file any document under seal or in redacted form, including any person wishing to file Confidential Discovery Material or any information derived from Confidential Discovery Material, shall (i) file on ECF a redacted copy of the document, (ii) file on ECF a sealed copy of the document, and (iii) submit to Chambers an unredacted copy by email;

c.     Within five (5) business days of the ECF-filing of the redacted document(s), the Parties must confer in good faith as to whether any or all of the redacted material may

or must be filed without redaction.  If the Parties reach agreement that all redacted material may or must be unredacted, the Parties shall file on ECF unredacted copies of the previously redacted documents and so inform the Court;

d.      A motion is required whenever one or more Parties seek to maintain sealed material.  If the Parties cannot agree to unredact all redacted material, then, within three (3) business days of the parties' meet-and-confer, the Party seeking to preserve confidentiality must make a specific request to the Court by letter motion.  If more than one Party seeks to preserve confidentiality, the Parties shall confer and submit a joint letter.  Any Party opposing the request to file under seal must submit a responding letter within three (3) business days after submission of the letter by the Party seeking to preserve confidentiality;

e.      Any letter motion requesting that material remain under seal must explain the reasons the Party seeks to file the material under seal, and address the request in light of the opinions of the Court of Appeals for the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016).  Any sealing request shall include the redactions proposed by the Party seeking such redactions;

f.      The letter motion to seal, and any response, must be filed on ECF in public view and should not itself include Confidential Discovery Material for which sealing is sought.  Any supporting papers or attachments that contain Confidential Discovery Material may be filed under seal or redacted to the extent necessary to safeguard that information.  At the time the letter motion is filed, it should be designated as related to the documents filed under seal in the initial filing process;

g.    If the Court directs that any previously redacted material be unredacted, the Party who submitted the previously redacted document shall, within three (3) business days after the Court's order, file on ECF the documents necessary to comply with the Court's order; and

h.    Any Party unable to comply with the requirement for electronic filing under seal through the ECF system, or who has reason to believe that a particular document should not be electronically filed, must move by letter motion for leave of Court to file non-electronically.

## **ENFORCEMENT**

15.    This Protective Order shall survive the termination of this Action.

16.    The willful violation of this Protective Order by any person subject to this Protective Order may subject such person to punishment for contempt of Court.  This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose penalties or sanctions for any breach or violation of such obligations.

SO STIPULATED AND AGREED.

Dated: August 26, 2024                              Dated: August 26, 2024

SANDERS LAW GROUP                          LAW OFFICE OF MICHAEL J. HARRIS

By: /s/ Joshua D. Vera_____                     By: /s/ Michael James Harris_____

Joshua D. Vera, Esq.                               Michael J. Harris, Esq.
333 Earle Ovington Blvd, Suite 402              43 W. 43rd Street, Suite 148
Uniondale, NY 11553                              New York, NY 10036-7424
Tel: (516) 203-7600                              Tel: (203) 231-7490
Email: jvera@sanderslaw.group                   Email: michael.j.harris56@gmail.com

*Counsel for Plaintiff*                            *Counsel for Defendant*

SO ORDERED.

Dated: 08/26/2024
_____

New York, New York

_____
Hon.   ROBERT   W.   LEHRBURGER
United States Magistrate Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| MATTHEW MCDERMOTT, <br><br> *Plaintiff,* <br><br> *v.* <br><br> THIS DOG'S LIFE CORP., <br><br> *Defendant.* | Case No. 23-CV-05869-PAE-RWL <br><br><br> **AGREEMENT TO BE BOUND BY <br> <u>PROTECTIVE ORDER</u>** |

I, _____, being duly sworn, hereby state as follows:

1. I presently reside at _____.

2. **For experts only: I am presently employed as a(n) _____ by _____, and the address of my present employer is _____.**

3. I have carefully reviewed the Protective Order entered in the case captioned *McDermott v. This Dog's Life Corp.*, No. 23-CV-05869 (S.D.N.Y.). I understand the terms of the Protective Order and will comply with all such terms.

4. I agree not to disclose any Confidential Discovery Material that I have received or will receive in connection with this Action, and that I will not use such Confidential Discovery Material for any purpose other than the prosecution or defense of this Action.

5. I will return or permanently destroy or delete any Confidential Discovery Material I receive in connection with this Action, including any materials I prepare that incorporate such Confidential Discovery Material, within thirty (30) days of final disposition of this Action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____        Signed: _____