**Michael J. Harris**
**Law Office of Michael J. Harris**
**43 West 43rd Street, Suite 148**
**New York, NY 10036-7424**

September 23, 2024

**VIA ECF**

Hon. Robert W. Lehrburger, U.S.M.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/24/2024
```

       **Re:** *McDermott v. This Dog's Life Corp.*, No. 23-CV-05869-PAE-RWL (S.D.N.Y.)

Dear Judge Lehrburger:

      I write as counsel for Defendant This Dog's Life Corp., pursuant to paragraph 14(d) of the Protective Order (Dkt. 44) entered in the above-captioned action, to request sealing of the parties' Joint Status Letter dated September 12, 2024 (Dkt. 46). A redacted copy of the Joint Status Letter was filed on the public docket (Dkt. 47) pursuant to paragraph 14(b) of the Protective Order. The parties met and conferred regarding Defendant's request to seal on September 18, 2024. Plaintiff does not oppose Defendant's request to seal.

      In deciding a motion to seal, courts in the Second Circuit apply a three-part analysis. *See, e.g., Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-120 (2d Cir. 2006). *First*, "a court must [] conclude that the documents at issue are [] 'judicial documents'" to which the common law right of access applies. *Id.* at 119. *Second*, a court "must determine the weight of that presumption." *Id. Third*, "after determining the weight of the presumption of access, the court must 'balance competing considerations against it.'" *Id.* at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

      The Court can decide Defendant's motion to seal at step one, because the Joint Status Letter is not a "judicial document" to which the "common law right of public access" applies. *See id.* at 119. Indeed, the Second Circuit has held that "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *Id.* (citing *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). Rather, "[i]n order to be designated a judicial document, the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Id.* (internal quotations omitted). In other words, the Court must consider "the 'relevance of the document's specific contents to the nature of the proceeding' and the degree to which 'access to the

- 1 -

[document] would materially assist the public in understanding the issues before the . . . court, and in evaluating the fairness and integrity of the court's proceedings.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139-140 (2d Cir. 2016) (quoting *Newsday LLC v. City. of Nassau*, 730 F.3d 156, 166-167 (2d Cir. 2013)).

The Joint Status Letter is not a judicial document at least because the relevance of the document's specific contents, if any, to the nature of the proceeding, is low. *Cf. id.* Indeed, quite unlike the complaint sought to be sealed in *Bernstein*, the Joint Status Letter is not "the cornerstone of [the] case, the very architecture of the lawsuit." *Cf. id.* Nor is the Joint Status Letter akin to a document filed in connection with a motion for summary judgment, to which "a strong presumption of access attaches." *Cf. Lugosch*, 435 F.3d at 121. The Joint Status Letter would not materially assist the public in understanding the issues before the Court, and in evaluating the fairness and integrity of the Court's proceedings. *Cf. Bernstein*, 814 F.3d at 132. Accordingly, the Joint Status Letter is not a judicial document.

Even if the Court finds that the Joint Status Letter is a judicial document to which a presumption of a right of access attaches, any such presumption is entitled to little weight. Indeed, "[t[he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *See Lugosch*, 435 F.3d at 119; *accord Bernstein*, 814 F.3d at 142. Where, as here, "a document's 'role in the performance of Article III duties' is 'negligible . . . the weight of the presumption is low." *Bernstein*, 814 F.3d at 142 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). In other words, a presumption of access to the Joint Status Letter, if any, is entitled to little weight because the Joint Status Letter was not presented to the Court "to invoke its powers or affect its decisions." *See id.* (internal quotations omitted). Rather, the Joint Status Letter serves merely to apprise the Court of the status of this matter. It is wholly unlike a pleading or motion, which calls for the Court to exercise judicial power.

To the extent that the Court determines that the Joint Status Letter is a judicial document, the Court must also "balance competing considerations" against any presumption of access afforded the Joint Status Letter, such as "the privacy interests of those resisting disclosure." *See Lugosch*, 435 F.3d at 120 (internal quotations omitted); *accord Bernstein*, 814 F.3d at 143. This balancing act supports sealing of the Joint Status Letter because the value of public disclosure is outweighed by the privacy interests at stake. *Cf. Bernstein*, 814 F.3d at 143. Indeed, as set forth above, to the extent that the Joint Status Letter should even be treated as a judicial document to which a presumption of access applies, such a presumption is entitled to little weight. Moreover, the portions of the Joint Status Letter sought to be sealed include information derived from Defendant's confidential financial documents, in which Defendant unquestionably has a strong privacy interest. (*See, e.g.*, Dkt. 44 at ¶ 1(a)).

Finally, the Joint Status Letter is not subject to a "qualified First Amendment right" of the public or the press to "access certain judicial documents." *Cf. Lugosch*, 435 F.3d at 120. Under the so-called "experience and logic approach" to determining whether the First Amendment confers such a right, the Court should consider whether the document at issue is of a type that has "historically been open to the press and general public." (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 92 (2d Cir. 2004)). Courts employing this analysis "have generally invoked the common law right of access to judicial documents in support of finding a history of openness." *Id.* Thus, for the same reasons given above with respect to the common law right of access, the Joint Status Letter is not subject to a qualified First Amendment right of access. In any event, Defendant has filed a redacted copy of the Joint Status Letter that is narrowly-tailored to exclude only that portion of information derived from Defendant's confidential financial documents, which mitigates against any harm to any public right of access to the Joint Status Letter. (*See* Dkt. 47)

For the reasons given above, Defendant respectfully requests that the Court grant Defendant's Motion to Seal the Joint Status Letter (Dkt. 46). Defendant thanks the Court for its consideration.

Respectfully Submitted,

Michael J. Harris

The request to maintain sealing of the redacted portions of Dkt. 46 is granted for substantially the reasons set forth herein.

SO ORDERED:

09/24/2024

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE