

333 EARLE OVINGTON BOULEVARD, SUITE 402
UNIONDALE, NEW YORK 11553
T: 516-203-7600
F: 516-282-7878

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/02/2025
```

December 31, 2024

**<u>VIA ECF</u>**
Hon. Robert W. Lehrburger, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1960
New York, NY 10007

      Re: *Matthew McDermott v. This Dog's Life Corp.*,
         Case No. 1:23-cv-05869-PAE-RWL

Dear Judge Lehrburger:

      We represent plaintiff Matthew McDermott ("*Plaintiff*") in the above captioned action. Pursuant to Paragraphs 1(A) of Your Honor's Individual Practices and Paragraph 14 of the Court's August 26, 2024, Protective Order (*Dkt. No. 44*), Plaintiff respectfully requests the Court issue an Order maintaining the seal on the materials designated by Plaintiff as confidential and filed by defendant This Dog's Life Corp. *("Defendant"*) in support of its request for a discovery conference *(see Dkt. No. 72-5; Dkt No. 72-6*) as well as the reference to same in Defendant's December 18, 2024, letter submission *(see Dkt. No. 71, P. 2, n. 1)*. The parties conferred on December 26, 2024, regarding the instant request and Defendant does not oppose Plaintiff's request to seal.

      In considering a motion to seal, the court undertakes a three-part analysis. *In re Lifetrade Litig.*, No. 17CV2987JPOKHP, 2023 WL 6160520, at *1 (S.D.N.Y. Sept. 21, 2023). First, the court must determine whether the document is in fact a judicial document. *Id*. A "judicial document" or "judicial record" is a filed item that is "relevant to the performance of the judicial function and useful in the judicial process." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) ("In determining whether a document is a judicial record, we evaluate the "relevance of the document's specific contents to the nature of the proceeding" and the degree to which "access to the [document] would materially assist the public in understanding the issues before the ... court, and in evaluating the fairness and integrity of the court's proceedings.").

      Second, should the Court find that a document is a "judicial document," the court must determine the weight of the presumption that attaches. *In re Lifetrade Litig.*, 2023 WL 6160520, at *1. A "[f]inding that a document is a 'judicial document' triggers a presumption of public access, and requires a court to make specific, rigorous findings before sealing the document or otherwise denying public access. *Bernstein*, 814 F.3d 132, at 141. The Second Circuit has articulated two



different approaches for determining whether 'the public and the press should receive First Amendment protection in their attempts to access certain judicial documents. *Id*. (The first approach considers "experience and logic" and whether the documents have historically been open to the press and general public and whether public access plays a significant positive role in the functioning of the particular process in question and the second approach considers the extent to which the judicial documents are derived from or are a necessary corollary of the capacity to attend the relevant proceedings.)

Finally, after determining the weight of the presumption of access, the court must "balance competing considerations against it. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) ("Such countervailing factors include but are not limited to "the danger of impairing law enforcement or judicial efficiency" and "the **privacy interests** of those resisting disclosure."). To that end, documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest. *Id*.

Plaintiff submits the balance of factors favor continued sealing of the subject documents. The Court's December 30, 2024, Order (*Dkt. No. 74*) did not indicate a reliance on the subject material in adjudicating Defendant's request with respect to the underlying documents. Notwithstanding, Plaintiff does not dispute the documents at issue are "judicial documents" for purposes of the Court's analysis considering Defendant's submission and reference to said materials in support of its request for a discovery conference (i.e., to persuade Your Honor to grant a request for relief). However, "weight accorded to the presumptive right to public access is lower if the document is submitted in connection with a discovery dispute or other non-dispositive motion." *In re Lifetrade Litig.*, 2023 WL 6160520, at *1 (S.D.N.Y. Sept. 21, 2023). Further, the materials at issue consist of retainer agreements between Plaintiff and his counsel (past and present) exchanged during discovery and though minimally relevant to the adjudication of Defendant's discovery conference request, the presumption of access to these records is "low." *Bernstein*, 814 F.3d 132, at 142 ("documents "such as those passed between the parties in discovery" often play "no role in the performance of Article III functions"").

Plaintiff further submits that the Court should view the instant request through the prism of the latter *Bernstein* approach discussed above, specifically the extent to which the judicial documents are derived from or are a necessary corollary of the capacity to attend the relevant proceedings. Retainer agreements have not been historically open to the press or general public as they outline confidential arrangements between a person and/or entity and their counsel. Moreover, the substantive rights of either party are not at issue. Plaintiff has a strong privacy interest in maintaining the confidential arrangements between himself and his counsel which were never intended to be and have not been disclosed to the public. As such, Plaintiff submits that the preservation of "higher values" such as Plaintiff's "personal privacy interests" to warrant sealing are sufficient justification to maintain the seal on the subject documents and the reference to same. *See In re Lifetrade Litig.*, No. 17CV2987JPOKHP, 2023 WL 6160520, at *2 (S.D.N.Y. Sept. 21, 2023) ("Higher values" the preservation of which might warrant sealing include **personal privacy interests**, public safety, the preservation of attorney-client privilege, and the protection of competitively sensitive business information.").

PAGE 3



For the reasons given above, Plaintiff respectfully requests that the Court grant the instant motion. Plaintiff thanks the Court for its consideration of this request.

Respectfully submitted,

/s/ *Joshua D. Vera*
Joshua D. Vera
*Counsel for Plaintiff*

The request to maintain sealing of the two retainer agreements and descriptions of them is denied. "The Second Circuit has 'consistently held that, absent special circumstances, client identity and fee information are not privileged.'" *Farris v. Avon Products, Inc.*, No. 23-CV-2023, 2024 WL 4441811, at *4 (S.D.N.Y. Oct. 7, 2024) (quoting *In re Grand Jury Subpoena Served Upon Doe*, 781 F.2d 238, 247-48 (2d Cir. 1986)). "Additionally, 'while consultation with an attorney, and payment of a fee, may be necessary to obtain legal advice, their disclosure does not inhibit the ordinary communication necessary for an attorney to act effectively, justly, and expeditiously.'" *Id.* (quoting *In re Grand Jury Subpoena*, 781 F.2d at 247-48). The Court has reviewed both retainer agreements and finds no privileged, confidential, or private information that warrants sealing. *See Richards v. Cordis Corp.*, No. 5:17-CV-0178, 2022 WL 602563, at *4 (N.D.N.Y. March 1, 2022) (denying application to seal attorney-client retainer agreement); *J.T. v. Diblasio*, 2020 WL 8084269, at *1 (S.D.N.Y. Sept. 22, 2020) ("the terms of the retainer agreement contain nothing that could possibly be deemed confidential information"); *Samms v. Abrams*, 198 F. Supp.3d 311, n.2 (S.D.N.Y. 2016) (ordering "that the retainer agreement and related sections in the declarations, exhibits, and letters be unsealed").

The Clerk of Court is respectfully directed to unseal Dkts. 71, 72-5, and 72-6.

SO ORDERED:

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE
01/02/2025