```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
MATTHEW MCDERMOTT,                                          :     23-CV-05869 (PAE) (RWL)
                                                            :
                                Plaintiff,                  :     ORDER
                                                            :
              - against -                                   :
                                                            :
THIS DOG'S LIFE CORP.,                                      :
                                                            :
                                Defendant.                  :
------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

On November 4, 2024, the Court issued an order (the "Order") compelling non-party Polaris Corp. ("Polaris") to comply with the subpoena (the "Subpoena") served on it by Defendant on August 27, 2024. (Dkt. 68.) On January 16, 2025, the Court issued an order finding that Polaris had complied with the Subpoena only in part but had refused to produce five invoices and eight photographs (the "Invoices and Photographs") which "fall squarely within the ambit of the Subpoena that Court ordered Polaris to comply with." (Dkt. 78.) The Court indicated it would set a conference to address the issue further but that Polaris could avoid the need for the conference by producing copies of the Invoices and Photographs by January 27, 2025. (*Id.* at 2.)

On January 29, 2025, Defendant filed a letter reporting that Polaris had not produced the Invoices and Photographs, stating that a discovery conference remained necessary, expressing doubt that Polaris would appear at the conference, and attaching an email from Polaris's principal, J.P. Pappis, explicitly stating that Polaris "will not comply with [the] Subpoena." (Dkt. 80 at Ex. 2.) Defendant asserted that "absent sanctions for

1

civil contempt, Polaris is highly unlikely to comply with the Subpoena." (*Id.* at 2.) To date, despite multiple warnings that Polaris can only appear through counsel, Polaris has not appeared or produced the Invoices and Photographs.

On January 31, 2025, the Court issued an order requiring Polaris to show cause why it should not be sanctioned for failing to fully comply with the Subpoena and the Court's November 21, 2024 order. (Dkt. 81.) The order warned that "[i]f Polaris does not appear, sanctions will be imposed." (*Id.*) Polaris neither appeared for the show cause hearing held on February 25, 2025, nor submitted any written response. At the hearing, at which both Plaintiff's and Defendant's counsel appeared, the Court found that Polaris had been duly served with each of the orders concerning compliance with the Subpoena and the show cause hearing; that the orders were clear and unambiguous; that the proof of Polaris's non-compliance was clear and convincing; and that Polaris had been warned of the consequences of failing to comply.

Given Polaris's outright refusal to comply fully with the Subpoena, the Court finds that Polaris has acted in bad faith and is in contempt, and that sanctions are warranted pursuant to Fed. R. Civ. P. 45(g) (authorizing district court to hold in contempt a person who fails without adequate excuse to obey a duly served subpoena or an order related to it); Fed. R. Civ. P. 37(a)((5) and (b)(2) (prescribing sanctions and payment of expenses for failure to comply with discovery and court orders concerning discovery); and the inherent power of the Court. Accordingly,

1. Polaris shall pay the monetary cost of Defendant's reasonable fees and costs to enforce the Subpoena within 30 days of presentation to Polaris by Defendant of Defendant's reasonable fees and costs; and

2. Polaris is still required to produce the Invoices and Photographs to Defendant. If Polaris does not produce the Invoices and Photographs by **March 14, 2025**, it will be required to pay monetary sanctions to Defendant in the amount of $1,000. For each week that elapses after March 14, 2025, that Defendant does not produce the Invoices and Photographs, the monetary sanctions will double in amount (e.g., $2,000 by March 21, 2025; $4,000 by March 28, 2025; etc.).

By February 28, 2025, Defendant shall serve a copy of this order on Polaris by overnight mail and email to Mr. Pappis; and, by March 4, 2025, shall file proof of service of same.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: February 26, 2025
      New York, New York

Copies transmitted this date to all counsel of record.