IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MATTHEW MCDERMOTT,

        *Plaintiff*,

   *v.*

THIS DOG'S LIFE CORP.,

        *Defendant*.

Case No. 1:23-CV-05869-PAE-RWL

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant, This Dog's Life Corp. ("Defendant" or "TDL Corp."), by and through its undersigned counsel, hereby submits the following Response to the Statement of Undisputed Material Facts filed by Plaintiff, Matthew McDermott ("Plaintiff"), pursuant to Local Civil Rule 56.1(b) and Section 3.H.i. of Judge Engelmayer's Individual Rules and Practices in Civil Cases, in Opposition to Plaintiff's Motion for Partial Summary Judgment:

**Plaintiff's Entry:**

    1.    Matthew McDermott is a photographer by trade and is the legal and rightful owner of photographs which he creates. *Declaration of Matthew McDermott* ("*McDermott Dec.*") at ¶ 4.

**Defendant's Response:**

    1.    Defendant admits that Plaintiff is a photographer by trade, but denies

that Plaintiff owns a valid copyright registration for the photograph of Vilma Diaz and her dog utilizing the "Pet Relief Area" at John F. Kennedy International Airport in New York City, which is the subject of this action (the "Subject Photograph"). Plaintiff alleges that "the Subject Photograph was taken on April 22, 2016." (*See* Declaration of Michael J. Harris ("Harris Decl.") at ¶ 1, Exhibit 1 (Plaintiff's Response to Interrogatory No. 12)). Plaintiff further testified that the Subject Photograph "would have been provided" to the New York Post "on the same day that [he] took" the Subject Photograph. (*See* Harris Decl. at ¶ 2, Exhibit 2 (Transcript of March 4, 2025 Deposition of Matthew McDermott ("McDermott Tr.") at 20:23-21:3). As such, the date of first publication of the Subject Photograph is at least as early as April 22, 2016 because, at least as of that date, Plaintiff "offer[ed] to distribute copies [] to a group of persons for purposes of further distribution, public performance, or public display[.]" *See* 17 U.S.C. § 101.

Notwithstanding that the Subject Photograph was first published at least as early as April 22, 2016, Plaintiff, through his counsel, affirmatively represented to the United States Copyright Office ("USCO") that the Subject Photograph was first published on April 25, 2016. (*See* Harris Decl. at ¶ 3, Exhibit 3 (TDLCorp.__001075-1103 at 1098 ("File Name: vilma_diaz_4_25_16")); *see also id.* (TDLCorp.__001075-1103 at 1101-1102 ("Will you please verify that the date given after the title on the 97 images deposited is indeed the date of publication for that individual photograph? . . . Yes, thank you[.]"))). When asked what his "understanding of the meaning of the word 'published'" is, Plaintiff testified that "[t]his is when the photograph was first

used by" the third party to whom it was provided for further distribution or display. (*See* Harris Decl. at ¶ 2, Exhibit 2 (McDermott Tr. at 20:12-15)). A reasonable jury could therefore conclude that all of the dates of first publication for all of the photographs submitted in connection with Plaintiff's application for registration were inaccurate.

Plaintiff also admits that "he does not have information regarding the publication of the alternative images in the Registration." (*See* Harris Decl. at ¶ 4, Exhibit 4 (Plaintiff's First Amended Response to Interrogatory No. 17)). Because there are genuine disputes of material fact concerning (i) whether all photographs included the registration are published, and (ii) whether all such photographs were published in the same calendar year, there are genuine disputes as to whether the registration is valid. *See, e.g.*, 37 C.F.R. § 202.4(i)(6) ("All the photographs must be published within the same calendar year."). Further, because Plaintiff has, at all relevant times, been represented by sophisticated counsel, including with respect to his application, and given the significance of the legal error, a reasonable jury could conclude that Plaintiff, through his counsel, had actual knowledge, or was willfully blind to, the inclusion of materially inaccurate information in the application. (*See* Defendant's Statement of Undisputed Material Facts ("DSUMF") at ¶¶ 34, 40, 42, 44).

**Plaintiff's Entry:**

2.  Mr. McDermott provides freelance photography services for the New York Post, documenting events of public interest and/or high notoriety through his

photographic work including providing coverage of breaking news and/or global events with a particular focus on documenting events involving natural disasters as well as global hot spot situations. *See McDermott Dec.*, at ¶¶ 5-6.

**Defendant's Response:**

2.       Defendant admits that Plaintiff provides photography services for the New York Post, but denies that the Subject Photograph documented events of high notoriety, natural disasters, or global hot spot situations. (*See* Dkt. 22-1). Plaintiff testified that the "key features" of the Subject Photograph are "[a] woman with her dog inside a restroom that is designed for pets at JFK airport." (*See* Harris Decl. at ¶ 2, Exhibit 2 (McDermott Tr. at 19:10-14)). None of these features are of "high notoriety," "natural disasters" or "global hotspot situations."

**Plaintiff's Entry:**

3.       Mr. McDermott relies on his ability to control the licensure, use and display of the copyrighted content he owns in general, and of the Photograph at issue in this case specifically, for his livelihood. *McDermott Dec.*, at ¶ 11

**Defendant's Response:**

3.       Defendant denies that Mr. McDermott relies on his ability to control the licensure, use, and display of the copyrighted content he owns in general, and of the Subject Photograph specifically, for his livelihood. Plaintiff testified that "Polaris Images is an agency that tries to sell [Plaintiff's] work" and that Plaintiff "is not exactly sure of the breakdown" of how he is paid in the event his work is sold because "[i]t all varies how much things sell for," thus admitting that Plaintiff does not control

how his work is licensed, used, or displayed. (*See* Harris Decl. at ¶ 2, Exhibit 2 (McDermott Tr. at 24:6-25:4)).

**Plaintiff's Entry:**

4. Defendant is a Delaware limited liability company with a principal place of business in Brooklyn, NY. *Dkt. No. 30* ("*Answer*"), at ¶ 5.

**Defendant's Response:**

4. Defendant admits that Defendant is a Delaware limited liability company with a principal place of business in Brooklyn, NY.

**Plaintiff's Entry:**

5. Defendant is the owner and operator of the website at URL: www.thisdogslife.co (the "*Website*"). *Answer, at ¶ 3*.

**Defendant's Response:**

5. Defendant admits that Defendant is the owner and operator of the website at URL: www.thisdogslife.co (the "Website").

**Plaintiff's Entry:**

6. The Website generates revenue through the sale of products and paid advertisements. *Answer, at ¶ 22*.

**Defendant's Response:**

6. Defendant denies that Defendant currently generates revenue through the sale of products at www.thisdogslife.co, and that Defendant's websites located at www.thisdogslife.co or www.shop.thisdogslife.co currently generate revenue through paid advertisements. (*See* Declaration of Andrea Huspeni ("Huspeni Decl.") at ¶ 2).

Further, Defendant denies that its websites located at www.thisdogslife.co or www.shop.thisdogslife.co generated revenue through the sale of products at the time of the alleged infringement and for years thereafter. (*See* Huspeni Decl. at ¶ 3). Further still, Defendant denies that paid advertisements have ever produced more than mere marginal revenue. (*See* Huspeni Decl. at ¶ 4).

**Plaintiff's Entry:**

7.      The Website is a platform for dog owners, which features news, advice, and entertainment articles relating to dogs. *Answer, at ¶ 24.*

**Defendant's Response:**

7.      Defendant admits that the Website is a platform for dog owners, which features news, advice, and entertainment articles relating to dogs.

**Plaintiff's Entry:**

8.      On April 25, 2016, the New York Post first published a photograph of Plaintiff's original authorship of Vilma Diaz and her dog utilizing the "Pet Relief Area" at the John F. Kennedy International Airport in New York City (the "*Photograph*"). *McDermott Dec.*, at ¶ 7.

**Defendant's Response:**

8.      Defendant admits that on April 25, 2016, the New York Post published the Subject Photograph, but denies that April 25, 2016 is the date of first publication of the Subject Photograph. Plaintiff alleges that "the Subject Photograph was taken on April 22, 2016." (*See* Harris Decl. at ¶ 1, Exhibit 1 (Plaintiff's Response to Interrogatory No. 12)). Plaintiff further testified that the Subject Photograph "would

have been provided" to the New York Post "on the same day that [he] took" the Subject Photograph.  (*See* Harris Decl. at ¶ 2, Exhibit 2 (McDermott Tr. at 20:23-21:3)).  As such, the date of first publication of the Subject Photograph is at least as early as April 22, 2016 because, at least as of that date, Plaintiff "offer[ed] to distribute copies [] to a group of persons for purposes of further distribution, public performance, or public display[.]"  *See* 17 U.S.C. § 101.

**Plaintiff's Entry:**

9. The Photograph was published to the New York Post's website at URL: https://nypost.com/2016/04/25/now-your-pets-can-poop-at-the-airport-like-the-civilized-creatures-they-are/. *McDermott Dec.*, at ¶ 8.

**Defendant's Response:**

9. Defendant admits that the Subject Photograph was published to the New York Post's website at URL: https://nypost.com/2016/04/25/now-your-pets-can-poop-at-the-airport-like-the-civilized-creatures-they-are/.

**Plaintiff's Entry:**

10. Plaintiff selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to create the Photograph. *McDermott Dec.*, at ¶ 9.

**Defendant's Response:**

10. Defendant denies that Plaintiff selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to create the Subject Photograph.  Plaintiff testified that "the nature of [his] work is either a phone

call or e-mail is given to [him] by [his] boss[e]s from the New York Post photo editors and directives are given as far as where, when and what." (*See* Harris Decl. at ¶ 2, Exhibit 2 (McDermott Tr. at 16:23-17:3)).

**Plaintiff's Entry:**

11. The Photograph was registered by the United States Copyright Office on July 16, 2016, under Registration No. VA 2-009-633. *McDermott Dec.*, at ¶ 10.

**Defendant's Response:**

11. Defendant denies that the Subject Photograph was registered by the United States Copyright Office on July 16, 2016, under Registration No. VA 2-009-633 (the "Subject Registration"), and further denies that the Subject Registration is valid. (*See* Dkt. 95 at ¶ 10 ("The Photograph was registered by the USCO on **June 16, 2016**); *see also supra* ¶ 1).

**Plaintiff's Entry:**

12. On May 4, 2016, Defendant displayed the Photograph on the Website at URL: https://www.thisdogslife.co/huge-relief-this-airport-has-a-special- bathroom-for-dogs-and-their-owners/ (the "*Infringement*"). *Answer,* at ¶¶ *25, 47; McDermott Dec.,* at 14.

**Defendant's Response:**

12. Defendant admits that on May 4, 2016, Defendant displayed the Subject Photograph on the Website at URL: https://www.thisdogslife.co/huge-relief-this-airport-has-a-special-bathroom-for-dogs-and-their-owners/, but denies Defendant is liable for infringement at least because Plaintiff's claim is time-barred and there

remain genuine factual issues as to the validity of the Subject Registration. (*See supra* ¶¶ 1, 11; DSUMF at ¶¶ 19-55).

**Plaintiff's Entry:**

13. A side-by-side comparison of the Photograph and that as displayed on Defendant's Website shows that Defendant's Infringement is an exact copy of the original image. *McDermott Dec.,* at 15.

**Defendant's Response:**

13. Defendant admits that a side-by-side comparison of the Subject Photograph and the photograph as displayed on Defendant's Website shows that the latter photograph is an exact, or nearly exact, copy of the Subject Photograph, but denies that Defendant is liable for infringement at least because Plaintiff's claim is time-barred and there remain genuine factual issues as to the validity of the Subject Registration. (*See supra* ¶¶ 1, 11-12; DSUMF at ¶¶ 19-55).

**Plaintiff's Entry:**

14. Plaintiff never granted a license or otherwise authorized Defendant to use the Photograph on the Website. *McDermott Dec.*, at ¶ 16.

**Defendant's Response:**

14. Defendant admits that Plaintiff never granted a license or otherwise authorized Defendant to use the Subject Photograph on the Website.

**Plaintiff's Entry:**

15. Defendant has admitted to displaying the Photograph on the Website without permission or authorization from Plaintiff. *Answer, at* ¶¶ *4, 27.*

**Defendant's Response:**

15.  Defendant admits that it displayed the Subject Photograph on the Website without permission or authorization from Plaintiff.

**Plaintiff's Entry:**

16.  Plaintiff commenced this action upon his discovery of the Infringement and determination that Defendant had not obtained a license or other permission from Plaintiff to display the Photograph. *McDermott Dec.*, at ¶ 17.

**Defendant's Response:**

16.  Defendant denies that Plaintiff commenced this action upon his discovery of the alleged infringement and determination that Defendant had not obtained a license or other permission from Plaintiff to display the Subject Photograph. Plaintiff has offered conflicting statements as to the date of his first discovery of the alleged infringement. (*Compare* Dkt. 1 at ¶ 26 ("Plaintiff first observed and actually discovered the [alleged] Infringement on April 12, 2022) *and* Dkt. 22 at ¶ 29 (same), *with* Harris Decl. at ¶ 5, Exhibit 5 (Plaintiff's Second Amended Response to Defendant's Interrogatory No. 4 ("Plaintiff responds that he became aware of the [alleged] infringement when he was apprised of same by his legal counsel Sanders Law Group on September 8, 2022."))). Additionally, Plaintiff could not explain the different dates of alleged first discovery he has claimed in this case, instead "defer[ing] to [his] attorneys." (*See* Harris Decl. at ¶ 2, Exhibit 2 (McDermott Tr. at 30:22-31:11)). As such, there are genuine disputes of material fact as to the

date of actual discovery of the alleged infringement.

**Plaintiff's Entry:**

17. Defendant actively copies, stores and displays stolen photographs and/or videos, including my content, on its Website for the purpose of attracting viewers to the Website, and by extension increasing public interest and/or engagement in Defendant's associated publication. *McDermott Dec.*, at ¶ 18.

**Defendant's Response:**

17. Defendant denies that Defendant actively copies, stores, and displays stolen photographs and/or videos, including Plaintiff's content, on its Website, for the purpose of attracting viewers to the Website, and by extension increasing public interest and/or engagement in Defendant's associated publication. (*See* Huspeni Decl. at ¶ 5).

**Plaintiff's Entry:**

18. Defendant profits from the increased traffic to its Website because it does not pay any licensing fees to owners of the content it appropriates for itself. *Id.*

**Defendant's Response:**

18. Defendant denies that Defendant profits from increased traffic to its Website because it does not pay any licensing fees to owners of the content it allegedly appropriates for itself. (*See* Huspeni Decl. at ¶ 6).

Dated: May 19, 2025

                                          Respectfully Submitted,

                                          */s/ Michael J. Harris*

                                          Michael J. Harris, Esq.

                                          **LAW OFFICE OF**
                                          **MICHAEL J. HARRIS**
                                          43 West 43rd Street, Suite 148
                                          New York, NY 10036-7424
                                          Telephone: (203) 231-7490
                                          Email: michael.j.harris56@gmail.com

                                          *Counsel for Defendant*

                                          ***This Dog's Life Corp.***