UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MATTHEW MCDERMOTT,

Plaintiff,

-v-

THIS DOG'S LIFE CORP.,

Defendants.

23 Civ. 5869 (PAE) (RWL)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

Plaintiff Matthew McDermott brings this action against defendant This Dog's Life Corp. ("This Dog"), alleging that This Dog, without his authorization, displayed on its website a copyrighted photograph he had taken of a pet bathroom located at New York City's John F. Kennedy Airport. Dkt. 1 ("Complaint"). McDermott brings one count of direct copyright infringement, in violation of 17 U.S.C. § 501 *et seq. Id.* at 1. He seeks a declaration that This Dog infringed his copyright, an award of damages, and an injunction against This Dog's further use of the photograph at issue. *Id*. at 6–7.

Currently pending are McDermott's motion for partial summary judgment, Dkt. 94, and This Dog's cross-motion for partial summary judgment, Dkt. 98. Before the Court is the October 28, 2025 Report and Recommendation of Honorable Robert W. Lehrburger, United States Magistrate Judge. Dkt. 105 (the "Report").

The Report recommends that the Court grant McDermott's motion for summary judgment as to liability for copyright infringement. To that end, it finds, based on the material undisputed facts, that McDermott has a valid and registered copyright of the photograph and that This Dog, without authorization, reproduced the photograph on its website, apparently having

accessed the photograph from the *New York Post*, whose use McDermott had licensed. *Id.* at 6. The Report further recommends denying This Dog's motion for summary judgment on its statute-of-limitations defense to the extent This Dog contends that McDermott had constructive notice of the infringement—that he should have discovered it—more than three years before filing his complaint, finding genuine disputes of material fact as to whether he was on inquiry notice of the infringement by June 2016. *Id.* at 18–21. The Report, however, does not find any evidence supporting This Dog's alternative basis for pursuing a statute of limitations defense, to wit, that McDermott had actual notice of the infringing conduct. *Id.* at 31.

On November 11, 2025, McDermott filed objections to the Report under Federal Rule of Civil Procedure 72(b). Dkt. 106. On November 12, 2025, This Dog filed its objections to the Report. Dkt. 107. On December 2, 2025, the parties filed responses to each other's objections. Dkts. 110–11.

The Court incorporates by reference the summary of the facts provided in the Report. For the following reasons, the Court adopts the recommendation of the Report in full.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A party may serve and file written objections to a magistrate judge's report within 14 days of being served with a copy. *See* Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days of being served with a copy. *Id.* There is no further right to reply, under the statute, following a party's response to another party's objections.

"To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 2 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

If a party objecting to a Report and Recommendation simply reiterates its original arguments, or makes only conclusory or general objections, the Court will review the Report strictly for clear error. *Evans v. N.Y.C. Health & Hosps. Corp.*, No. 21 Civ. 10378, 2023 WL 5561145, at *2 (S.D.N.Y. Aug. 29, 2023); *Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583 & 10 Civ. 0812, 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). Salient here, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke *de novo* review." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (cleaned up); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (finding that when an objection raises previously filed arguments, it is deemed "devoid of any reference to specific findings" and "unsupported by legal authority"). Such statements do "not constitute an adequate

3

objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)," and are reviewed for clear error. *Id.*

McDermott and This Dog's objections are each subject to clear error review. Such review is warranted where no "adequate objection" to the Report has been made. *Id.* Such is the case here.

McDermott objects to the extent the Report found genuine disputes of material fact over This Dog's affirmative defense based on constructive notice of the infringement, requiring that defense to be resolved at trial. Dkt. 106 at 1–3. The Report noted that This Dog had articulated two theories of constructive notice. One posited that McDermott had been on inquiry notice of the infringement as of June 16, 2026, the effective date of his registration. Report at 20. The other posited that McDermott was a sophisticated litigant with technology available to him, and thus should have investigated and discovered the infringement more than three years before the date he filed suit. *Id.* In finding a genuine dispute of material fact as to inquiry notice, the Report found that conflicting record evidence bearing on the first theory prevented the Court from resolving the defense at summary judgment, *id.* at 26, while finding the second theory baseless, in that McDermott's sophistication and access to technology could not establish his constructive notice, *id.* at 27–30. In his objections to the recommendation that summary judgment not be entered in his favor on the first theory, McDermott declares the Report "erroneous." Dkt. 106 at 4. But his arguments recycle ones he had made earlier. For example, in his objections, McDermott argues that "[This Dog] cited no evidence in the record, such as 'red flags' or 'storm warnings' to support its contention that Plaintiff should have discovered the infringement at any time before." *Id.* at 5. But that argument reprises McDermott's prior argument before Judge Lehrburger: "[This Dog] has cited to no evidence to support its claim that

there were 'red flags' or 'storm warnings' that [McDermott] should have been aware of.  [This Dog]'s belief in this regard . . .is insufficient." Dkt. 99 at 15.

This Dog's objections to the Report likewise recycle its previous arguments.  It argues that there is a dispute of material fact as to the date when McDermott actually discovered the infringement, such that his statute-of-limitations defense based on actual notice should survive. Dkt. 107 at 7–9.  On this issue, the Report considered, but found unsubstantiated, This Dog's claims that McDermott had made conflicting statements about when he had discovered the infringement and that McDermott knew of This Dog's infringement by June 2016, when his counsel filed the registration.  Report at 31–32.  In its objections, This Dog reprises these arguments.  *Compare* Dkt. 107 at 7–9 (objections to the Report on this point) *with* Dkt. 99 at 21– 22 (arguments on summary judgment).  This Dog separately objects that it was entitled to summary judgment on its constructive notice theories.  Dkt. 107 at 9–11.  But This Dog made substantially the same arguments in its summary judgment briefs.  *See* Dkt. 104 at 7–10.  This Dog does not point to evidence the Report failed to consider in evaluating these issues.[1]  Rather, it renews arguments based on the same evidence.  *Compare* Dkt. 107 at 10 (citing "sham" affidavits and McDermott's testimony as a basis for claiming the absence of a dispute of material fact) *with* Dkt. 104 at 7–11 (same).

The Court accordingly reviews Judge Lehrburger's Report for clear error.  Far from revealing a facial error in any of its conclusions, a careful review of the Report reveals it to be— characteristically—thorough, well-reasoned, nuanced, highly persuasive, and devoid of error. The Report, in fact, reviewed with exceptional care the parties' respective arguments, including

---

[1] This Dog argues that the Report, as to constructive discovery, "ignore[ed]" that "McDermott presented no rebuttal evidence."  Dkt. 107 at 10.  In fact, Judge Lehrburger scrupulously reviewed the record in finding a genuine dispute of material fact.  Report at 18–27.

those that the parties reprise in their respective objections.  The Court thus is not, at all, "left with the definite and firm conviction that a mistake has been committed."  *U.S. Gypsum Co.,* 333 U.S. at 395.  The Court accordingly adopts the Report in its entirety.

### CONCLUSION

For the foregoing reasons, the Court grants McDermott's motion for partial summary judgment to the extent he has established, as a matter of law, that This Dog infringed his copyright in the photograph.  For the reasons stated in the Report, the Court leaves for resolution at trial This Dog's statute-of-limitations defense, to the extent based on constructive notice.  The case remains under Judge Lehrburger's able supervision for pre-trial management.  The Clerk of Court is respectfully directed to terminate all pending motions.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Date:   January 16, 2026
        New York, New York

6